FILED
2026 Mar-11  AM 10:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JOSHUA TRICE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CV No.:**_____ |
| **v.** | ) | |
| | ) | |
| **MAZDA TOYOTA** | ) | |
| **MANUFACTURING,** | ) | **Jury Trial Demanded** |
| **U.S.A., INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff, Joshua Trice, and files this his Complaint for discrimination based on race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"), against Defendant Mazda Toyota Manufacturing, U.S.A., Inc. ("Mazda Toyota"). As grounds for his Complaint, Plaintiff shows this Court the following:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e, *et seq.*, and 29 U.S.C. §621 *et seq.*

2.    Plaintiff has fulfilled all conditions precedent to the brining of this action under Title VII. Plaintiff filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about December 8, 2025 (The EEOC Charge of Discrimination is attached as Exhibit "1"). Plaintiff was issued a Notice of Right to Sue from the EEOC on January 21, 2026. (Notice of Right to Sue attached as Exhibit "2"), and timely filed this lawsuit within 90 days of receipt of said notice.

3.    The Defendant is located and/or doing business within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

4.    Plaintiff is an African American male who is a citizen of the United States and a resident of the state of Alabama.  At all times material to this lawsuit, Plaintiff was over the age of nineteen (19), a resident of this judicial district, and was formerly employed by the Defendant.

5.    Defendant, Mazda Toyota Manufacturing, Inc. is a foreign corporation formed in Delaware.  Upon information and belief, Defendant's headquarters are in Plano, TX.  Defendant regularly conducts business and employs workers within this judicial district and division.  At all times material to this action, Defendant

employed Plaintiff. Defendant is an entity subject to suit under Title VII. Upon information and belief, Defendant collectively employs 500 or more individuals.

## FACTS

6. Mazda Toyota is an automotive manufacturing facility located in Madison County, Alabama.

7. On or about January 11, 2021, Plaintiff was hired by the Defendant as a Team Lead at the automotive manufacturing plant in Madison, Alabama.

8. Since hire, plaintiff has been continuously and exclusively employed by Mazda Toyota.

9. In or about April of 2022, Plaintiff was promoted to the position of Group Leader.

10. During his employment with Defendant, Plaintiff maintains that he had an excellent work record; he never had a disciplinary action or attendance issues or performance problems.

11. Defendant's Annual Performance Reviews show that Plaintiff excelled as an employee and was primarily noted to be a "distinguished contributor" as an employee of the Defendant.

12. On or about December 2, 2025, Plaintiff received a phone call from supervisors Bunni Wheeler and Drew Carothers, wherein he was informed that his employment with Defendant was terminated for having "an inappropriate

relationship" with a subordinate, Kellea Hope, an African American female Team Leader.

13. Plaintiff was not given any facts or details of the alleged inappropriate relationship.

14. Plaintiff did not engage in an inappropriate relationship with Ms. Hope.

15. Plaintiff maintains that any allegation of an inappropriate relationship is not true.

16. Ms. Hope was not terminated as a result of this alleged inappropriate relationship.

17. Upon information and belief, Melissa Elliot (Caucasian Female), Quisha Ray (African American Female), and Michelle Kuhn (Caucasian Female) were involved in the decision to terminate plaintiff's employment.

18. Prior to the termination, Plaintiff had no disciplinary issues at work.

19. Defendant failed to follow its own policies pertaining to discipline when it terminated plaintiff.

20. Over a month after his termination, Plaintiff received an email from Defendant which is marked Exhibit "3" attached hereto and incorporate herein by reference. In the email, Defendant alleged that Plaintiff was terminated for violating the Ethics and Conflict of Interest; Anti-Harassment; Performance Expectations and Corrective Action and MTM's Code of Conduct.

21. Plaintiff denies engaging in any conduct that violated Defendant's rules and/or policies.

22. Plaintiff denies engaging in any conduct warranting termination.

23. Plaintiff alleges that he was targeted, singled-out and treated differently because of his race and/or sex.

24. Plaintiff's termination was based on Defendant's hostility towards plaintiff based upon his race and/or gender.

25. Plaintiff maintains that any allegation that he was terminated for legitimate reasons are pretextual.

26. Defendant's true reason for terminating Plaintiff under a guise of a disciplinary action was to terminate the Plaintiff on the basis of his race and/or sex.

27. Defendant has engaged in a pattern and practice of treating Plaintiff less favorably than similarly situated White and/or female employees.

28. Caucasian employees were routinely treated more favorably than Plaintiff.

29. Female employees were routinely treated more favorably than Plaintiff.

30. Caucasian Group Leaders, such as Marshall Davidson, who were either accused of or actually engaged in inappropriate relationships with subordinates were not terminated or otherwise disciplined for violations of Mazda Toyota rules and/or policies.

31. Female Group Leaders, such as Mandy Chestnut, who were either accused of or actually engaged in appropriate relationships with subordinates were not terminated or otherwise disciplined for violations of Mazda Toyota rules and/or policies.

32. Plaintiff was discriminated against on the basis of his race and/or sex with regard to the terms and conditions of his employment.

## COUNT ONE – TITLE VII (Race Discrimination- Unlawful Termination)

33. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

34. Plaintiff is protected from unlawful racial discrimination pursuant to Title VII of the Civil Rights Act as amended 42 U.S.C. § 2000e *et seq*. Title VII prohibits discrimination on the basis of race with respect to an individual's compensation, terms, conditions, or privileges of employment.

35. Defendant discriminated against Plaintiff on the basis of his race in violation of Title VII of the Civil Rights Act as amended 42 U.S.C. § 2000e *et seq*.

36. During his employment with Defendant plaintiff was discriminated against on the basis of his race.

37. Plaintiff was singled out and treated differently because of his race.

38. Caucasian employees who have engaged in the same or similar conduct, for which plaintiff was accused were not terminated or otherwise disciplined.

39.     Plaintiff was unlawfully terminated on the basis of his race.

40.     Defendant's actions directly and proximately cause the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgments for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT TWO – TITLE VII (Gender Discrimination – Unlawful Termination)

41.     Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

42.     Plaintiff is protected from unlawful gender discrimination pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.* Title VII prohibits discrimination on the basis of sex with respect to an individual's compensation, terms, conditions, or privileges of employment.

43.     Defendant Mazda Toyota discriminated against Plaintiff on the basis of his sex in violation of Title VII of the Civil Rights Act as amended 42 U.S.C. § 2000e *et seq.*

44.     Plaintiff has been subjected to adverse conditions of employment, and to disparate employment practices compared to similarly situated female employees.

45. Plaintiff is directly affected by these discriminatory practices by being deprived of the opportunity to work and/or work environment free of sex discrimination.

46. During his employment with Defendant plaintiff was discriminated against on the basis of his sex.

47. Plaintiff was singled out and treated differently because of his sex.

48. Female employees who have engaged in the same or similar conduct for which plaintiff was accused, were not terminated or otherwise disciplined.

49. Plaintiff was unlawfully terminated on the basis of his sex.

50. Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgment against Defendant Mazda Toyota for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT THREE – SECTION 1981 (Race Discrimination – Unlawful Termination)

51. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

52.   Defendant discriminated against Plaintiff on the basis of his race with respect to his continued employment and other terms and conditions of employment in violation of 42 U.S.C. § 1981.

53.   Plaintiff was unlawfully terminated on the basis of his race.

54.   Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgment against Defendant Mazda Toyota for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

Jay E. Emerson, Jr.
Attorney for the Plaintiff
Higgs & Emerson
405 Franklin St.
Huntsville, AL 35801
(256)533-3251(phone)
(256)533-3265(fax)
higgs@higgsandemerson.com

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

_____
OF COUNSEL

Copy Served Upon:

Mazda Toyota Manufacturing, U.S.A., Inc.
c/o C T Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104